UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:01-cr-44-CLC-WBC |
| v. | ) | |
| | ) | |
| CHARLES MICHAEL LEBRON SMITH | ) | |

## MEMORANDUM AND ORDER

CHARLES MICHAEL LEBRON SMITH ("Supervised Releasee") appeared for a hearing before the undersigned on November 25, 2014, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for a Warrant or Summons for an Offender Under Supervision ("Petition"). Those present for the hearing included:

(1) An Assistant United States Attorney for the Government;
(2) Supervised Releasee; and
(3) An Attorney with Federal Defender Services of Eastern Tennessee ("FDS") for the Supervised Releasee.

After being sworn in due form of law, Supervised Releasee was informed or reminded of his privilege against self-incrimination accorded him under the Fifth Amendment to the United States Constitution. It was determined that Supervised Releasee wished to be represented by an attorney and he qualified for appointed counsel. FDS was appointed to represent Supervised Releasee. It was also determined that Supervised Releasee had been provided with and reviewed with counsel a copy of the Petition.

The Government moved that Supervised Releasee be detained without bail pending his revocation hearing before U.S. District Judge Curtis L. Collier. Supervised Releasee requested both a preliminary hearing and a detention hearing, which were held.

### Preliminary Examination and Detention Hearing Proof

AUSA Piper called U.S. Probation Officer Lenard R. Montgomery to testify to the factual allegations set forth in the petition. Attorney Maio cross-examined Officer Montgomery and made proffers concerning Defendant's conduct and circumstances. Both parties presented their respective arguments, which were fully considered by the Court.

### Findings

(1) Based upon Officer Montgomery's testimony, which was consistent with the facts in the petition, the undersigned finds there is probable cause to believe Supervised Releasee has committed a violation of his condition of supervised release.

(2)  Supervised Releasee has not carried his burden of demonstrating by clear and convincing evidence that, if released, he would not pose a danger to another person or to the community under Fed. R. Crim. P. 32.1(a)(6).

Conclusions

It is ORDERED:

(1)  Supervised Releasee shall appear for a revocation hearing before U.S. District Judge Collier.

(2) The Government's motion that supervised releasee be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier is GRANTED.

(3) The U.S. Marshal shall transport Supervised Releasee to a revocation hearing before Judge Collier **on Thursday, January 8, 2015 at 9:00 a.m. [EASTERN].**

SO ORDERED.

ENTER:

                                       s/ *Susan K. Lee*
                                       SUSAN K. LEE
                                       UNITED STATES MAGISTRATE JUDGE